IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LESLIE WILSON,                            :

        Plaintiff,                 :   Case No. 3:14cv085

vs.                                       :   JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,          :

        Defendant.                 :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #18); DEFENDANT'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #21) OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER FOR THE IMMEDIATE PAYMENT OF BENEFITS CONSISTENT WITH THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On May 6, 2015, the United States Magistrate Judge filed a Report and Recommendations (Doc. #18), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated, that no finding be made as to whether Plaintiff was under a disability within the meaning of the Social Security Act, and that the captioned cause be remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further administrative proceedings. Based upon reasoning and citations

of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #18 at 1-12), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (Doc. #6 and #7), and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in part and rejects same in part and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was neither supported by substantial evidence nor in accordance with the Commissioner's own rules and regulations, such that the error prejudices Plaintiff's rights in this matter. The Defendant's Objections to said judicial filing (Doc. #21) are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is reversed, and the captioned cause is ordered remanded to the Defendant Commissioner for the immediate payment of benefits.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole

function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the

Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. Not only was the Administrative Law Judge's rejection of the opinion of Plaintiff's treating neurosurgeon, Dr. West, not supported by substantial evidence, said opinion was entitled to controlling weight in this matter, given that it was well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence in the record. Accordingly, while the Court would have preferred the Magistrate Judge to have commented on Plaintiff's other contentions, including the Administrative Law Judge's failure to properly weigh all medical source opinions, the controlling opinion of Dr. West, in this Court's opinion, renders the failure to explore Plaintiff's additional contentions irrelevant.

2. The Commissioner notes that Dr. West opined that Plaintiff "did well post operatively after her November 2010 cervical spine discectomy and fusion." To take from this statement, meaning only that Plaintiff survived the surgery and was recovering therefrom, to reach the Commissioner's ultimate conclusion that Plaintiff was not under a "disability" following that surgery, is to take Dr. West's observation to an illogical conclusion, based upon no evidence

whatsoever. Similarly, the fact that Plaintiff "tolerated the procedure [the operation] well without any problem," is likewise without relevance to the ultimate issue in this matter, particularly in light of Plaintiff's continued complaints and Dr. West's findings and tests confirming same. Finally, the fact that Dr. West advised against further surgery and recommended a conservative approach is far from a finding inconsistent with a finding of non-disability.

      3.    A remand for the payment of benefits is warranted in this matter, given that evidence of disability is strong while contrary evidence is weak. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

WHEREFORE, based upon the aforesaid, this Court adopts in part and rejects in part the Report and Recommendations of the United States Magistrate Judge (Doc. #18), having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence and, further, not rendered in accordance with the Commissioner's Rules and Regulations. Defendant's Objections to said judicial filing (Doc. #21) are overruled. Judgment is to be entered in favor of the Plaintiff and against Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner for the immediate payment of benefits.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 28, 2015

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record