# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| LESLIE WILSON, | : |
| Plaintiff, | : |
| | Case No. 3:14cv00085 |
| vs. | : |
| | District Judge Walter Herbert Rice |
| CAROLYN W. COLVIN, | : Chief Magistrate Judge Sharon L. Ovington |
| Commissioner of the Social | |
| Security Administration, | : |
| Defendant. | : |

# REPORT AND RECOMMENDATIONS[1]

The Court previously determined that a remand of this social security case for payment of benefits was warranted and Judgment was entered accordingly.  (Doc. #s 23, 24).  The case is now before the Court upon Defendant's Motion to Alter Judgment (Doc. #25), Plaintiff's Response (Doc. #26), and the record as a whole.  The Commissioner seeks an alteration of the Judgment under Fed. R. Civ. P. 59(e) such that the case is remanded to the Social Security Administration for further proceedings, rather than payment of benefits.

The District Court "may grant a Rule 59(e) motion to alter or amend if there is ... a clear error of law ...." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (quoting

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

The Commissioner contends that the Court committed two clear errors of law. The first occurred, according to the Commissioner, when the Court misstated and misapplied the treating physician rule. The Commissioner finds clear error in the Court's statement that treating neurosurgeon Dr. West's "opinion was entitled to controlling weight in this matter given that it was well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence in the record." (Doc. #23, *PageID* #1755). The Commissioner maintains that a treating physician's opinion is entitled to controlling weight only if it "is *not inconsistent*" with other substantial evidence in the record. The ALJ continues, "Thus, an ALJ (and the Court) may not give controlling weight to an opinion by a treating physician – even if substantial evidence supports the opinion – provided that substantial evidence also contradicts the opinion." (Doc. #25, *PageID* # 1760).

The language of the treating-source regulation states, in pertinent part, as follows: "If we find that a treating medical source's opinion on the issue(s) of the nature and severity of your impairments is well supported ... and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. §404.1527(c)(2). Although the Court's decision referred to "consistent" rather than "not inconsistent" evidence in the record in its holding that controlling weight was due Dr. West's opinions, presently applying the treating physician rule's "not inconsistent" legal

criteria leads to the same conclusion – *i.e.*, Dr. West's opinions are due controlling weight. This is so in light of the evidence concerning Plaintiff's clinical signs and symptoms and the objective medical evidence discussed previously in the Report and Recommendations. *See* Doc. #18, *PageID* #s 1726-30.

The Commissioner contends that the record contains substantial evidence that is inconsistent with Dr. West's opinions. Here, the Commissioner relies on the opinions of the state-agency physicians that Plaintiff could perform light work. This reliance is misplaced first because ALJ Lombardo found that Plaintiff was limited to a range of sedentary work and, therefore, did not credit the state-agency physicians' opinions. Second, to the extent the ALJ Lombardo's decision can be read as relying on those opinions, there is no indication in the ALJ's decision that she evaluated the opinions of the state-agency physicians under any of the applicable regulatory factors. *See* Doc. #6, *PageID* #s 55-61. Consequently, to the extent ALJ Lombardo relied on the opinions of the state-agency physicians, she erred by failing to apply the correct legal criteria to their opinions. This is so because "the opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence..., the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation for the opinion provided by the State agency medical or psychological consultant or other program

3

physician or psychologist." Social Sec. Ruling 96-6P, 1996 WL 374180, *2 (July 2, 1996); *see* 20 C.F.R. §404.1527(e)(2)(i)-(ii).

The Commissioner also points to several other places in the record to support the contention that the record contains substantial evidence that is inconsistent with Dr. West's opinion. *See* Doc. #25, *PageID* #1760 (and records cited therein). Yet, "not inconsistent" within the phrase "not inconsistent with the other substantial evidence...," 20 C.F.R. §404.1527(c)(2), "is a term used to indicate that a well-supported treating source medical opinion need not be supported directly by all of the other evidence (i.e., it does not have to be consistent with all the other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion." Social Sec. Ruling 96-2P, 1996 WL 374188, *3 (July 2, 1996). Examination of the evidence on which the Commissioner relies reveals that although it presents some inconsistencies with Dr. West's opinions, the inconsistencies are either minor or not relevant to Dr. West's opinions. Consequently, that evidence fails to constitute evidence that a reasonable mind might find contrary to Dr. West's opinions, and it thus fails to constitute substantial evidence inconsistent with his opinions. *See Gentry v. Comm'r of Soc. Sec.*, 741 F3d 708, 722 (6th Cir. 2014) (substantial evidence "refers to evidence that reasonable mind might accept as adequate to support a conclusion."). For example, assuming, as the Commissioner states, that Plaintiff "drove, cared for herself and children, attended school activities, and was active in her church ..." (Doc. #25, *PageID* #

4

1760), such activities are not inconsistent with Dr. West's opinion that Plaintiff could work only six hours per day.  See Doc. #6, *PageID* at 1429.

The Commissioner further argues that the Court committed clear error by incorrectly describing the standard for reversing an ALJ's decision and awarding benefits. This mistake occurred, according to the Commissioner, in the statement that benefits are warranted on remand if "evidence of disability is strong while contrary evidence is weak."  The Commissioner is correct that a remand for benefits is warranted if "evidence of disability is overwhelming or strong while contrary evidence is lacking."  *Faucher v. Secretary of Soc. Sec.*, 17 F.3d 171, 176 (6th Cir. 1994).  Yet, applying this standard leads to the same result:  the need to reverse the ALJ's decision and remand for an award of benefits.  This is so because the record contains strong evidence that Plaintiff was under a "disability.  This exists at least in the records and opinions provided by Dr. West. Contrary evidence is lacking because the ALJ found Plaintiff more limited than even the state-agency medical sources did.  This leaves treating specialist Dr. West's opinions due controlling weight, particularly when his opinions are otherwise well supported and not inconsistent with the other substantial evidence of record. *See* 20 C.F.R. §404.1527(c)(2).

Accordingly, Defendant's Motion to Alter Judgment lacks merit.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's Motion to Alter Judgment (Doc. #25) be denied; and

  2.  The case remain terminated on the docket of this Court.

February 26, 2016

                     <u>s/Sharon L. Ovington</u>
                       Sharon L. Ovington
               Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).