IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LESLIE WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | :<br><br>:<br><br>:<br><br>:<br><br>: | Case No. 3:14-cv-85<br><br>JUDGE WALTER H. RICE<br><br>CHIEF MAGISTRATE JUDGE<br>SHARON L. OVINGTON |

---

DECISION AND ENTRY OVERRULING DEFENDANT COMMISSIONER OF SOCIAL SECURITY'S OBJECTIONS (DOC. #28) TO THE REPORT AND RECOMMENDATIONS (DOC. #27) OF THE MAGISTRATE JUDGE; ADOPTING SAID RECOMMENDATIONS IN FULL; OVERRULING DEFENDANT COMMISSIONER'S MOTION TO ALTER JUDGMENT (DOC. #25); JUDGMENT REMAINS IN EFFECT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER; CAPTIONED CASE REMANDED TO THE DEFENDANT COMMISSIONER FOR THE IMMEDIATE PAYMENT OF BENEFITS CONSISTENT WITH THE SOCIAL SECURITY ACT (DOC. #23)

---

Defendant, Commissioner of Social Security ("Defendant"), filed a Motion to Alter Judgment ("Motion"), pursuant to Fed. R. Civ. P. 59(e), regarding the Court's September 28, 2015, Decision and Entry of Judgment in favor of Plaintiff, Leslie Wilson ("Plaintiff"), and against the Defendant, and remanding the case to the Defendant for the immediate payment of benefits ("Decision"). Doc. #25. Defendant seeks to have the case remanded for rehearing before an administrative law judge ("ALJ"), rather than for an immediate award of benefits. Doc. #23; Doc. #27, PAGEID #1770. On February 26, 2016, Chief Magistrate Judge Sharon L. Ovington filed a Report and

Recommendations, recommending that the Defendant's Motion be overruled, and that the case be remanded for an award of benefits. Doc. #27, PAGEID #1774. Pending before the Court, pursuant to Fed. R. Civ. P. 72(b), are Defendant's Motion, the Report and Recommendations, and Defendant's Objections to the Report and Recommendations. Doc. #28. Plaintiff filed a response to Defendant's Objections, but made no objections herself. Doc. #29.

Based upon the reasoning and citations set forth in the Report and Recommendations, as well as upon a thorough *de novo* review of the parties' memoranda and the applicable law, this Court ADOPTS the Report and Recommendations in their entirety, OVERRULES Defendant's Objections thereto and OVERRULES Defendant's Motion to Alter Judgment.

## I.   DEFENDANT'S MOTION AND REPORT AND RECOMMENDATIONS[1]

In her Motion, Defendant argued that the Court, in its Decision, committed two errors of law when it allegedly: (1) misapplied the treating physician rule; and (2) used the wrong standard for when remand for award of benefits is appropriate. Doc. #25, PAGEID #1759, 1760-61 (citing 20 C.F.R. § 404.1527(c)(2); *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). Defendant argues that, if the Court were to apply correctly the treating physician rule and use the proper standard, then the proper action would be for the Court to remand the case for rehearing, rather than to remand it for an award of benefits. *Id.*, PAGEID #1761.

---

[1] The Chief Magistrate Judge has set forth the relevant facts and procedural history in her May 6, 2015, Report and Recommendations, which incorporated the factual recitation contained in the ALJ's original opinion. Doc. #6-2, PAGEID #54-61, Doc. #18, PAGEID #1720-23. The Court incorporates those discussions and recitations by reference. Additional facts will be set forth to the extent that they are relevant to Defendant's Motion and Objections to the Report and Recommendations.

2

In the Report and Recommendations, the Chief Magistrate Judge rejected Defendant's arguments.  With respect to the first alleged error, it was noted that the opinion of the treating physician, Dr. Scott West ("Dr. West")—including a finding that Plaintiff was disabled and incapable of working on a full-time basis—was consistent with "evidence concerning Plaintiff's clinical signs and symptoms and the objective medical evidence discussed previously in the [May 6, 2015,] Report and Recommendations."  Doc. #27, PAGEID #1772 (citing Doc. #18, PAGEID #1726-30).  Also, the Report and Recommendations rejected Defendant's claim that controlling weight could not be given to Dr. West's opinion, because substantial evidence conflicted with that opinion.  Doc. #25, PAGEID #1760.  The Chief Magistrate Judge noted that, while the state-agency physicians opined that Plaintiff was capable of performing light work, the ALJ who made the initial determination that Plaintiff was not disabled did not adopt or incorporate those opinions.  Rather, she concluded that Plaintiff could only perform sedentary work.  Moreover, there was "no indication in the ALJ's decision that she evaluated the opinions of the state-agency physicians under any of the applicable regulatory factors."  Doc. #27, PAGEID #1772.  Consequently, the opinions of state agency physicians were not substantial evidence upon which the ALJ could rely in refusing to give controlling weight to Dr. West's opinion.

With respect to the second error, the Chief Magistrate Judge agreed with the Commissioner that the proper standard for a remand for benefits is not, as the Court stated in its Decision,  when "evidence of disability or strong while contrary evidence is weak," Doc. 23, PAGEID #1756, but when "contrary evidence is lacking."  Doc. #27, PAGEID #1774 (quoting *Faucher.*, 17 F.3d at 176).  "Yet, applying this standard leads

to the same result: the need to reverse the ALJ's decision and remand for award of benefits." *Id*. The Chief Magistrate Judge stated that because: (1) Dr. West's opinion was not inconsistent with record evidence, which indicated that she was under a disability; and (2) the opinions of the state agency physicians could not have constituted substantial evidence, and without those opinions, there was no evidence contrary to Dr. West's opinion that Plaintiff was incapable of full-time work. *Id*. Accordingly, Dr. West's opinion was entitled to controlling weight. *Id*.

II. **DEFENDANT'S OBJECTIONS**

Defendant's objections to the Report and Recommendations center on the Chief Magistrate Judge supposedly "continu[ing] to analyze the propriety of the award of benefits under the erroneous standards articulated in the district court's order." Doc. #28, PAGEID #1777. Defendant argues that remand for benefits is appropriate "only if evidence of disability is overwhelming while contrary evidence is lacking." *Id*. (emphasis in original). Defendant claims that the state-agency physicians' opinions, even if not given substantial weight, did constitute evidence of record that Plaintiff was capable of light work, and, thus, a finding of disability was not warranted. When combined with other evidence, Defendant argues, remand for rehearing was the appropriate course of action. *Id*., PAGEID #1777-78 (citing Doc. #6-2, PAGEID #54-56, 58-60; Doc. #7-2, PAGEID #1505; Doc. #7-2, PAGEID #1605-06; Doc #27, PAGEID #1774).

Further, Defendant objects to the conclusion in the Report and Recommendations that the opinions of the state-agency examining physicians could not constitute substantial evidence to support a finding of non-disability. Doc. #28, PAGEID

#1778 (citing Doc. #27, PAGEID #1772-73). Rather, Defendant argues that, on remand, the ALJ should evaluate those physicians' opinions under the applicable regulatory factors. *Id*. Finally, Defendant claims, Plaintiff's daily activities, "the final MRI, the normal heart exam, and the lack of knee abnormalities," constituted at least some evidence that would weigh against a finding of disability. Thus, Defendant argues, the Decision's order of remand for an award of benefits constituted clear legal error. *Id*.

### III. LEGAL STANDARD

"Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "A motion under Rule 59(e) is not an opportunity to opportunity to re-argue a case. . . . 'Thus, parties should not use them to raise arguments which could, and should, have been made before the judgment was issued.'" *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

### IV. ANALYSIS

The Chief Magistrate Judge correctly concluded in her Report and Recommendations that using the precise language in the regulation—that a treating physician's opinion should be given controlling weight if the opinion "is not inconsistent

5

with the other substantial evidence in your case record," Doc. #27, PAGEID #1771 (quoting 20 C.F.R. § 404.1527(c)(2))—still mandates a finding of disability. *Id*, PAGEID #1771-72. The Commissioner argues that the opinions of the state agency physicians, who concluded that Plaintiff was capable of light work, constituted evidence of record contrary to Dr. West's opinion, despite the ALJ assigning a residual functional capacity ("RFC") of sedentary work, which was more limited than what was opined by the examining physicians. Doc. #28, PAGEID #1778. However, it is undisputed that the ALJ did not evaluate the state agency physicians' opinions based on the required factors. Doc. #27, PAGEID #1772-73 (citing SSR 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996)). In the absence of proper assessment, there is no ground for considering the examining physicians' opinions <u>substantial</u> evidence that would prevent the application of the treating physician rule.

Similarly, Plaintiff's performance of daily activities, and any relatively normal clinical findings, Doc. #28, PAGEID #1777-78 (citing Doc. #6-2, PAGEID #55-56, 59-60; Doc. #7-2, PAGEID #1505), are not substantial evidence that is inconsistent with Dr. West's opinion. Thus, it was not clearly erroneous for the Court to conclude that Dr. West's opinion was entitled to controlling weight, even in light of that evidence. As the Chief Magistrate Judge correctly noted, the fact that "Plaintiff drove, cared for herself and children, attended school activities, and was active in her church[,] . . . are not inconsistent with Dr. West's opinion that Plaintiff could only work six hours per day." Doc. #27, PAGEID #1774-75 (internal quotation marks omitted) (citing Doc. #7-1, PAGEID #1429; Doc. #25, PAGEID #1760). A treating source's conclusion that a claimant is unable to work eight hours per day is consistent with an RFC so restrictive

6

that full-time work is impossible, and, consequently, with a finding of disability.  *See* SSR 96-8p, 61 Fed. Reg. 33474 (Jul. 2, 1996) ("Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.").

Moreover, Dr. West reviewed the MRI, yet still concluded that Plaintiff was incapable of full-time work.  Doc. #25, PAGEID #1760.  As treating sources "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone," 20 C.F.R. § 404.1527(c)(2), the MRI is not substantial evidence that is inconsistent with Dr. West's opinion.  Further, it appears that Dr. West's opinion was not substantially based on Plaintiff's knee and heart problems, Doc. #7-1, PAGEID #1428, and the RFC, as determined by the ALJ, contained no limitations with respect to any knee issue.  Doc. #6-2, PAGEID #57-61.  Finally, in her RFC assessment, the ALJ noted that Plaintiff did suffer from heart disease, which "support[ed] lowering the claimant to work at the sedentary level of exertion." *Id.*, PAGEID #59.  Thus, any evidence of normal medical results is not substantial contrary evidence, such that remand for rehearing is appropriate. *Faucher*, 17 F.3d at 176.  In sum, it was not clear legal error for the Court to conclude that: (1) the treating physician rule must be applied, SSR 96-2p, 1996 WL 374188, at *1; and (2) Dr. West's opinion that Plaintiff was incapable of sustaining full-time work should be given controlling weight.  *Id.*  Accordingly the Court will not alter or amend its Decision.

V.  **CONCLUSION AND RULINGS**

For the foregoing reasons, the Court ADOPTS in full the Report and Recommendations of the Chief Magistrate Judge dated February 26, 2016.  Doc. #27.  Defendant's Motion to Alter Judgment, Doc. #25, and objections to the Report and Recommendations, Doc. #28, are OVERRULED.  The captioned case is remanded to the Commissioner for an immediate award of benefits consistent with the Social Security Act, 42 U.S.C. § 301 *et seq*.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 2, 2016

WALTER H. RICE
UNITED STATES DISTRICT JUDGE